PPR Media LLC v Leo Cable LP (2020 NY Slip Op 05471)





PPR Media LLC v Leo Cable LP


2020 NY Slip Op 05471


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Friedman, J.P., Webber, Kern, Moulton, JJ. 


Index No. 651443/18 Appeal No. 11945 Case No. 2019-2783 

[*1]PPR Media LLC, Plaintiff-Respondent,
v
Leo Cable LP, et al., Defendants-Appellants.


Dorsey & Whitney LLP, Denver (Gregory S. Tamkin of the Bar of the State of California, admitted pro hac vice, of counsel), and Dorsey & Whitney LLP, New York (Jonathan R. Montcalm of counsel), for appellants.
Gallett Dreyer & Berkey, LLP, New York (David S. Douglas of counsel), and Choate, Hall & Stewart LLP, Boston (Mark D. Chaill of the bar of the Common Wealth Massachusetts, admitted pro hac vice of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 26, 2019, which granted plaintiff's motion for summary judgment declaring that an indemnification claim made by defendants pursuant to a stock purchase agreement was time-barred by the terms of the agreement, and directed the escrow agent to disburse the indemnification escrow funds, unanimously affirmed, with costs.
The court properly found that defendant's "Claim Notice" made pursuant to sections 10.01(c) and 10.06(a) of the stock purchase agreement (SPA) was time-barred under the terms of the agreement. By the plain terms of the SPA (see Greenfield v Philles Records , 98 NY2d 562, 569 [2002]), a Claim Notice is intended to give notice of any "pending" formal proceeding that could give rise to indemnification obligations. Here, the timely June 23, 2016 Claim Notice was tied to the then-pending Castillo Action, and when that action was dismissed there was no more "pending" proceeding to which the Claim Notice could be tied. The subsequent Claim Notice, which was based on the separate Centro Otologico Action, and made well after the Applicable Claims Deadline of June 30, 2016, was untimely. That the Castillo Action was dismissed without prejudice, and that the Centro Otologico Action was commenced one day later and raises the same substantive claims, does not alter the fact that it was a completely separate and distinct action, having been commenced under a different case number, brought in a different venue, and consisted of mostly different class action plaintiffs. For the same reasons, the court also correctly concluded that the dismissal of the Castillo Action "finally resolved" the claims raised in the June 23, 2016 Claim Notice under section 10.01(c) of the SPA.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020